UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ROBERT H. CLARK, JR.,                          No. 09-13097

                         Debtor(s).
_____/

GEORGE DIERSSEN, III, et al.,

                         Plaintiff(s),

                         v.                          A.P. No. 09-1188

ROBERT H. CLARK, JR.,

                         Defendant(s).
_____/

## Memorandum After Trial

     Debtor and defendant Robert Clark is related by marriage to plaintiffs George and Joanne Dierssen and the Dierssen Family Trust. Beginning in 1999, Clark began providing real estate investment services to plaintiffs. They agreed to pay him a fee of 2% of the purchase price for each property they bought or sold using his services. They also agreed to pay him 10% of the rents for each property he managed. From 1996 to 2006, they paid him about $700,000.00.

     In 2005, Clark arranged a sale of plaintiffs' property known as Imperial Industrial Plaza to one

1

Howard Levin for $1 million. Clark did not tell plaintiffs that he had an appraisal of the property for considerable more than $1 million and that he was receiving $200,000.00 from the proceeds of sale. If plaintiffs had known that their property might be worth more or that Clark was receiving such a large payment they would not have agreed to the sale.

In 2007, plaintiffs sued Clark in state court. On July 17, 2008, they entered into a stipulation which referred to a private referee five distinct issues relating to how much the parties owed each other on account of their business relations between 1999 and 2006. The stipulation provided that the parties agreed to "dismiss and release one another from all other causes of action, claims, and demands against one another set forth in the Complaint and Cross-Complaint, and to forego having a trial."

Clark filed his Chapter 7 bankruptcy petition in 2009. Plaintiffs bring this action to deny Clark a discharge and for a judgment that their claim against him is nondischargeable.

The objection to discharge is based on two grounds: that Clark filed false schedules, and that he is unable to account for the sums that plaintiffs paid him from 1999 to 2006. The court finds that plaintiffs have not met their burden of proof as to either allegation. While it is clear that the schedules were sloppily prepared and were wrong in several respects, all of the omitted information appears to have been either immaterial or known to plaintiffs so there is no basis for the court to find by a preponderance of the evidence that the omissions were made with fraudulent intent.

Section 727(a)(5) provides that a debtor may be denied a discharge if he is unable to satisfactorily explain any loss of assets. However, the objecting party must first produce evidence of disappearance of assets or unusual transactions. 6 **Collier on Bankruptcy** (15th Ed. Rev.), ¶ 727.08. Plaintiffs produced no evidence of anything other than the fact they paid Clark $700,000.00 over seven years. It would not take a very extravagant lifestyle to spend such an amount over such a period of time, and that does not even consider Clark's obvious legal expenses. There was no evidence of income from any other source, nor was there any sort of unusual transaction. Plaintiffs have not met their burden of showing that anything has disappeared.

The court finds it more likely than not that Clark intentionally withheld from plaintiffs the

knowledge that the Imperial property was worth more than $1 million and that he was receiving $200,000.00 from the sale.  Because of his continuing employment relationship with plaintiffs, he had a duty to tell them these facts and he withheld them from plaintiffs with the intent to induce them to sell the property at a lower price so that he could profit thereby.   A debtor's failure to disclose material facts constitutes a fraudulent omission under § 523(a)(2)(A) if the debtor was under a duty to disclose and the debtor's omission was motivated by an intent to deceive. *In re Harmon,* 250 F.3d 1240, 1246n4 (9th Cir. 2001); *Citibank (South Dakota), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082, 1089-90 (9th Cir.1996).  Plaintiffs justifiably relied on Clark to act in their interests, and would not have sold the property for $1 million if they had known all of the facts.  The court concludes that Clark defrauded plaintiffs in the amount of $200,000.00 and that debt is accordingly nondischargeable pursuant to  § 523(a)(2) of the  Bankruptcy Code.

     Ordinarily, litigants in non-bankruptcy proceedings are not required to conduct their litigation with an eye toward possible future bankruptcy proceedings. *Brown v. Felson*, 442 U.S. 127, 135, 60 L.Ed.2d 767, 774 (1979).  Notwithstanding *Brown*, at one time in this circuit the law was that  if a settlement in state court clearly expressed the mutual intent for a complete novation, erasing all prior claims, then a plaintiff could not revive a pre-settlement claim in a subsequent bankruptcy case. *In re Fischer*, 116 F.3d 388, 390 (9th Cir. 1997).  However, the Supreme Court in *Archer v. Warner*, 538 U.S. 314, 123 S.Ct. 1462 (2003), while not expressly overruling *Fischer*, ruled that while a state court settlement agreement and release were effective in releasing all state law claims, the right to litigate dischargeability in subsequent bankruptcy proceedings remained.  This is the last word on the issue, and means that plaintiffs are not barred from asserting their claims here by virtue of the state court stipulation.

     For the foregoing reasons, the court will enter a nondischargeable judgment against Clark and in favor of plaintiffs in the amount of $200,000.00, plus interest at the federal legal rate from and after September 1, 2005.  Plaintiffs shall also recover their costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for plaintiffs shall submit an appropriate form of judgment forthwith.

Dated: September 14, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge